# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 15-0200** (Harrison County 14-F-33-2)

**John J. Jones, III**
**Defendant Below, Petitioner**

**FILED**

**February 26, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John J. Jones, by counsel Rocco E. Mazzei, appeals the sentencing order of the Circuit Court of Harrison County sentencing him to three consecutive sentences, resulting in a minimum term of incarceration of three years and maximum term of thirty-three years. The order also imposed a fine of $25,000.00. Respondent State of West Virginia, by counsel Shannon Frederick Kiser, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 13, 2008, petitioner was arrested by the Harrison County Street Crimes and Drug Unit. Petitioner was charged with three counts of delivery of a controlled substance. On October 4, 2013, petitioner was arrested by the Harrison County Narcotics Task Force and charged with four counts of delivery of a controlled substance. In the January 2014 Term of Court, petitioner was indicted in a seven count indictment that charged petitioner with five counts of delivery of a controlled substance; and two counts of delivery of a controlled substance within one thousand feet of a school. On August 12, 2014, pursuant to a plea agreement, petitioner entered a guilty plea to delivery of oxycodone, as contained in count two of the indictment, delivery of oxycodone (a lesser included offense of delivery within one thousand feet of a school) as contained in count five of the indictment, and to delivery of alprazolam as contained in count six of the indictment, and. At his plea hearing, petitioner admitted to selling alprazolam and oxycodone to a confidential informant on three occasions.

The circuit court ordered a home incarceration study and pre-sentence investigation. Petitioner was revealed to have a criminal record consisting of two convictions for driving on a suspended license, one conviction for domestic battery, one conviction of no child restraint, one conviction of possession of a controlled substance, and one conviction for obstructing an officer. Petitioner had other felony and misdemeanor arrests, but those matters were dismissed. The

1

probation officer found that based upon the Level of Services Case Management Inventory (LCSMI) Risk assessment, petitioner would need a higher level of supervision, high level of treatment with appropriate dosage, and had a "higher likelihood" of recidivism.

On September 23, 2014, petitioner was sentenced. The circuit court imposed a sentence of not less than one nor more than fifteen years in the penitentiary and a $25,000 fine for his conviction of count two of the indictment; not less than one nor more than fifteen years in the penitentiary for his conviction of count three of the indictment; and not less than one nor more than three years in the penitentiary for his conviction of count six of the indictment. The sentences were to be served consecutively, for a total effective sentence of three to thirty-three years. Petitioner filed a motion for reconsideration of sentence, which was denied.

Petitioner now appeals the judgment and sentencing order entered September 25, 2014, and the order denying his reconsideration of sentence entered January 3, 2015. In his appeal, petitioner argues that the sentence (1) is based upon impermissible factors, and (2) violates the proportionality principle of the United States Constitution, given the nature of the offense and the record before the circuit court.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus point 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. Sulick*, 232 W.Va. 717, 753 S.E.2d 875 (2012).

Petitioner's appeal centers on the allegation that his sentence is improper, because the circuit court imposed an effective sentence of three to thirty-three years of incarceration in the penitentiary, and a fine of $25,000.00, and informed petitioner that this fine was "the cost of doing business just like any other enterprise or entrepreneurial circumstance." Petitioner claims that this comment reveals that the circuit court considered an impermissible factor when deciding his sentence. However, petitioner provides no authority to support this premise. Instead, petitioner argues that there is no evidence that he was a "historical drug dealer for profit," or that he was engaged in a "large scale enterprise" making "large sums of money." For the same reasons, petitioner claims that his sentence is so harsh that it "shocks the conscience" in violation of the proportionality principle of the Eighth Amendment to the United States Constitution.

In response, the State of West Virginia first notes that petitioner's sentence falls within the statutory guidelines as set by the Legislature, and is therefore permissible. The State also points out that the evidence shows that petitioner was engaged in the distribution of narcotics in two different neighborhoods in the Clarksburg area, and as a result of this prolific activity, was investigated and arrested by two separate law enforcement departments within that area. The State argues that petitioner's sentence is not disproportionate, and claims that the West Virginia fine penalty for this offense is well within the average of surrounding states.

We agree with the State, and find that the circuit court did not abuse its discretion, and that petitioner's sentence is not disproportionate. "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). First, petitioner

concedes, and it is evident, that the sentence imposed is within the statutory limits proscribed under West Virginia Code § 60A-4-401. Further, the circuit court did not err in requiring the sentences to run consecutively to one another rather than concurrent. "When a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court, may, in its discretion, provide that the sentences run concurrently and unless it does so provide, the sentences will run consecutively." Syl. Pt. 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979). Therefore, the circuit court did not err by imposing a sentence that falls within the statutory limits. In addition, the record reflects that the circuit court had the benefit of a home incarceration study and a pre-sentence investigation report in making its determination regarding petitioner's sentence. Simply put, there is no evidence that the circuit court abused its discretion by considering any impermissible factor, or that the circuit court exceeded statutory limits in determining petitioner's sentence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 26, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret Workman
Justice Allen H. Loughry II