# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0257** (Morgan County 14-F-54 and 15-F-27)

**Roger E. Harvey,**
**Defendant Below, Petitioner**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Roger E. Harvey, by counsel William T. Rice, appeals the Circuit Court of Morgan County's March 11, 2015, order sentencing him to consecutive terms of incarceration of one to fifteen years for one count of delivery of a controlled substance and one to five years for one count of failure to appear. The State, by counsel David A. Stackpole, filed a response. On appeal, petitioner argues that the circuit court erred in imposing consecutive sentences.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2014, petitioner was indicted on three counts of delivery of a controlled substance – heroin. However, in January of 2015, petitioner pled guilty to one count of delivery of a controlled substance and one count of failure to appear that would be filed by information; the remaining charges were dismissed. Petitioner's plea agreement specifically provided for consecutive sentencing, and the circuit court questioned petitioner regarding his understanding that the sentences would run consecutively or "one after the other." In March of 2015, following his guilty plea, the circuit court sentenced petitioner to a term of incarceration of one to fifteen years for the one count of delivery of a controlled substance and to one term of one to five years for the count of failure to appear. All sentences were ordered to run consecutively. It is from this March 11, 2015, order that petitioner now appeals.

We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). We note that petitioner's sentences for his crimes are within the applicable statutory limitations. Specifically, West Virginia Code §60A-4-401(a)(i) states that if

1

[a]ny person who violates this subsection with respect to [a] controlled substance classified in Schedule I or II, which is a narcotic drug, is guilty of a felony and, upon conviction, may be imprisoned in the state correctional facility for not less than one year nor more than fifteen years, or fined not more than twenty-five thousand dollars, or both.

Additionally, West Virginia Code § 62-1C-17b states that

[i]f any such person was admitted to bail or released after being arrested for, charged or convicted of a felony and shall thereafter be convicted for a violation of the provisions of subsection (a) of this section [criminalizing failure to appear], such person shall be guilty of a felony and shall be fined not more than five thousand dollars or imprisoned not less than one nor more than five years, or both such fine and imprisonment.

As such, it is clear that petitioner was sentenced within the applicable statutory guidelines and his sentence is not reviewable on appeal. This is especially true in light of the fact that petitioner does not allege that the circuit court based its sentence on any impermissible factor. Instead, petitioner argues that his sentence is excessive based upon his contention that the offenses were non-violent drug offenses "with no victims." The Court, however, notes that none of petitioner's contentions constitute an allegation that the circuit court based petitioner's sentence on an impermissible factor. As such, we reiterate that petitioner's sentence is, therefore, not reviewable on appeal.

Additionally, petitioner's contention that there is no evidence to support the imposition of consecutive sentences is without merit. We have long held that "[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syl. Pt. 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979). As such, the circuit court was well within its discretion to order that petitioner's sentences be served consecutively. Further, it is clear from the record that the plea agreement expressly provided that, upon his acceptance of the plea, petitioner agreed to serve the statutory sentences consecutively. Thus, we find no error in the circuit court's order running petitioner's statutory sentences consecutively.

For the foregoing reasons, the circuit court's March 11, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II