STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Frank D.,**
**Petitioner Below, Petitioner**

**vs)   No. 15-1120** (Fayette County 15-C-195)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Frank D.,[1] pro se, appeals the November 9, 2015, order of the Circuit Court of Fayette County denying his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Zachary Aaron Viglianco, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2007, petitioner was indicted on fifty-nine counts of sex-related crimes involving his minor daughter.[2] On June 29, 2010, the circuit court held a plea hearing at which

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]In its proffer of evidence at petitioner's June 29, 2010, plea hearing, the State indicated that the crimes occurred between February of 2005 and April of 2006 when petitioner's daughter was approximately fourteen or fifteen years old.

1

petitioner pled guilty, pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987),[3] to the following six felonies: one count of second degree sexual assault in violation of West Virginia Code § 61-8B-4 and five counts of first degree sexual abuse in violation of West Virginia Code § 61-8B-7. In exchange for petitioner's guilty pleas, the State dismissed the remaining counts in the indictment. During the circuit court's thorough plea colloquy with petitioner,[4] which included petitioner speaking with his trial counsel off the record to clarify his understanding of the process, the circuit court explained to petitioner the consequences of his pleas, including his waiver of certain constitutional and statutory rights and his potential maximum incarceration. Petitioner acknowledged that his pleas were voluntary and that no one forced him to enter the same.

Petitioner's trial counsel also detailed his investigation of petitioner's case:

> . . . I have met—he has asked me and I have had two investigators in this matter. He asked me to meet with several members of his family. My investigators have met with them at their homes, their places of business, and several members of his family have come to my office on several occasions to meet with me and the investigators and help us to get the names and addresses of persons we felt might have some relevant evidence. . . .

The circuit court then inquired of petitioner, "[D]id you hear everything [trial counsel] just said to me?" Petitioner responded, "Yes." The circuit court asked, "[D]o you agree with what he said or disagree with it?" Petitioner answered, "I agree."

Next, petitioner's trial counsel informed the circuit court that he had met with petitioner to discuss his case approximately fifteen to twenty times. The circuit court then inquired of petitioner whether he agreed that trial counsel "met with [him] at least fifteen times." Petitioner answered, "Yes." The circuit court asked, "[H]ave you had enough time to work with him?" Petitioner responded, "Yes." Petitioner further indicated that he was satisfied with trial counsel's performance. Finally, petitioner's trial counsel informed the circuit court that he had received discovery from the State and had "gone through all of this with [petitioner]." Petitioner agreed with this statement. Trial counsel stated that he was prepared to proceed to trial "if [petitioner] should change his mind" about pleading guilty. Petitioner agreed that they were prepared to go to trial.

However, petitioner disagreed with the State's proffer of the evidence to support his guilty pleas. Petitioner and trial counsel met off-the-record to discuss the matter. Following that

---

[3] In Syllabus Point 1 of *Kennedy*, we held that circuit courts may accept a criminal defendant's plea of guilty despite a claim of innocence "if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." 178 W.Va. at 10, 357 S.E.2d at 43.

[4] *See Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975).

2

conference, trial counsel stated that petitioner admitted that the State could present such evidence, but that he was not making an admission to it pursuant to his *Kennedy* plea. Trial counsel clarified that petitioner "indicated . . . after . . . several chances to think about it, that he feels it's in his best interest to go ahead and proceed with the plea and to wrap this matter up, and I think he agrees that's in his best interest to do that." The circuit court then asked petitioner if he agreed with his counsel's statement, and petitioner stated, "Yes." Accordingly, the circuit court accepted petitioner's pleas and adjudged him guilty of one count of second-degree sexual assault and five counts of first-degree sexual abuse.

Prior to sentencing, petitioner expressed a desire to withdraw his guilty pleas. In response, petitioner's trial counsel filed a motion to withdraw which the circuit court granted. The circuit court appointed petitioner new counsel who filed a motion to withdraw his guilty pleas pursuant to Rule 32(e) of the West Virginia Rules of Criminal Procedure. The circuit court held a hearing on the motion on January 19, 2011, at which petitioner testified that his motion to withdraw his guilty pleas should be granted because (1) trial counsel's coercion led petitioner to accept the plea agreement; (2) petitioner was actually innocent; (3) trial counsel failed to share discovery with petitioner; and (4) petitioner disagreed with the State's proffer of evidence. The circuit court denied the motion and thereafter imposed an aggregate sentence of fifteen to fifty years of incarceration.

Petitioner appealed to this Court. In *State v. Frank D.*, No. 14-0825, 2015 WL 3689178, at *2 (W.Va. June 15, 2015) (memorandum decision), we found that the record clearly reflected that the evidence presented at petitioner's plea hearing "contradicted" petitioner's testimony at the January 19, 2011, hearing. We concluded that there was no reversible error in the circuit court's denial of petitioner's motion and explained that we would not weigh the credibility of witness testimony "as the same is the exclusive function and task of the trier of fact." *Id.* at *3 (citing *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995)). Accordingly, we affirmed the circuit court's denial of petitioner's motion to withdraw his guilty pleas. *Id.*

On March 4, 2014, petitioner filed a petition for a writ of habeas corpus and attached supporting documentation. Petitioner asserted six grounds of relief, five of which related to his prior claims that, despite the plea hearing transcript, trial counsel coerced him into pleading guilty and that he was innocent. In grounds one and two, petitioner alleged that contrary to trial counsel's representations to him, counsel interviewed only two of petitioner's witnesses—both of whom provided statements favorable to him—which led an innocent man to plead guilty. In the third ground, petitioner alleged that his appellate counsel in *Frank D.* was ineffective because he wrongfully advised petitioner that evidence that trial counsel met with him fewer than fifteen times could not be presented on appeal because it was contrary to the evidence presented at the plea hearing. In the fourth ground, petitioner alleged that the State's counsel in *Frank D.* committed misconduct in stating that trial counsel had met with petitioner fifteen to twenty times based on the plea hearing transcript. In the fifth ground, petitioner alleged that a miscarriage of justice occurred because he was innocent and was tricked into pleading guilty. Sixth, in the ground which did not relate to his claims of coerced pleas and of actual innocence, petitioner asserted that his aggregate sentence was excessive because it resulted from imposition of consecutive sentences. The circuit

3

court rejected petitioner's grounds for relief and denied his habeas petition in an order entered November 9, 2015.

Petitioner now appeals the circuit court's November 9, 2015, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). Pursuant to Syllabus Point 1 of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973), a circuit court may deny a habeas petition without an evidentiary hearing and appointment of counsel "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief."

On appeal, petitioner reiterates the six claims from his habeas petition. We affirm the circuit court's denial of habeas relief on the merits with regard to one of those claims—the sixth—which the circuit court rejected because petitioner sexually abused his natural daughter and the court determined that imposition of consecutive sentences was appropriate "given the seriousness of [those] crimes." We find that the circuit court did not abuse its discretion in rejecting this ground for relief. *See* Syl. Pt. 3, *Keith v. Leverette,* 163 W.Va. 98, 254 S.E.2d 700 (1979) (holding that trial court has discretion to impose consecutive sentences).

With regard to petitioner's other five claims—all of which related to his prior allegations that trial coerced him into pleading guilty and that he is actually innocent—petitioner raises procedural arguments that we find we do need to address.[5] In Syllabus Point 2 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606, 608 (1981), we held that the doctrine of res judicata bars the re-raising of the claims previously adjudicated or waived at a post-conviction evidentiary hearing where the petitioner was represented by counsel. In this case, petitioner had new counsel and testified at the January 19, 2011, hearing on his motion to withdraw his guilty pleas. In *Frank D.*, we affirmed the circuit court's denial of the motion based on a finding that petitioner's testimony at the January 19, 2011, hearing was not credible in light of the testimony and evidence

---

[5]Petitioner contends that the circuit court was required to appoint habeas counsel and hold an evidentiary hearing. Petitioner further contends that the circuit court's November 9, 2015, order contained insufficient findings of fact and conclusions of law to support its denial of habeas relief. Respondent counters that the circuit court did not err in denying habeas relief without a hearing or appointing of counsel, and that the court's findings were sufficient to support the denial of relief.

4

presented at the earlier plea hearing. 2015 WL 3689178, at *3.[6] Therefore, we conclude that petitioner's assignments of error related to his claims that he was coerced into pleading guilty despite being innocent are barred by the doctrine of res judicata.

We note that in his habeas petition, petitioner indicated that he recently learned that his trial counsel allegedly interviewed only two of petitioner's witnesses who both provided statements favorable to him. However, on appeal, petitioner concedes that he was provided this information prior to the January 19, 2011, hearing on his motion to withdraw his guilty pleas. We find that even if petitioner did not waive this issue, it is contradicted by petitioner's testimony at the earlier plea hearing where he testified that he agreed with trial counsel's statement that counsel's investigators met with several members of petitioner's family "at their homes, their places of business, and several members of his family have come to my office on several occasions to meet with me and the investigators and help us to get the names and addresses of persons we felt might have some relevant evidence."

Petitioner also attached a letter to his habeas petition from the Southern Regional Jail ("regional jail"), dated March 10, 2015, informing petitioner that trial counsel met with him at that location eight times in 2009 and 2010. Petitioner alleges that the letter proves that trial counsel lied at the plea hearing when he stated that he had met with petitioner fifteen to twenty times. However, as the regional jail makes clear in its letter, it would not have a record of meetings at times and places when petitioner was not there. As respondent notes, the plea hearing transcript reflects that petitioner agreed that trial counsel met with him "at least fifteen times." Thereafter, the circuit court inquired as to whether petitioner felt that he had "enough time" with counsel. Petitioner responded that he had had "enough time" to work with trial counsel on his case. Petitioner further indicated that he was satisfied with trial counsel's performance. We note our finding in *Frank D.* that petitioner's testimony at the plea hearing was the credible testimony compared to his later testimony and allegations. Therefore, we find that the regional jail's March 10, 2015, letter is also insufficient to overcome the bar imposed by the doctrine of res judicata. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's November 9, 2015, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** June 21, 2016

---

[6] Pursuant to Rule 21(a) of the West Virginia Rules of Appellate Procedure, our memorandum decision in *Frank D.* constitutes a decision on the merits.

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II