MICHAEL GLENN KEITH

*v.*

BOBBY LEVERETTE, *Superintendent*, WEST VIRGINIA

PENITENTIARY

(No. 14265)

Decided May 15, 1979.

*Ted M. Kanner, Preiser & Wilson,* for relator.

*Chauncey H. Browning,* Attorney General, *David F. Greene,* Assistant Attorney General, for respondent.

CAPLAN, CHIEF JUSTICE:

This is an original proceeding in habeas corpus wherein the relator seeks relief from the imposition of two sentences directed by the court to run consecutively. We deny the relief.

Relator Michael Glenn Keith, while serving a sentence in the Randolph County jail, together with Robert Lee Golden, Jr. and Francis Joseph McBride, escaped. During the escape the jailer, John Barrick, received a gunshot wound and the three inmates fled in his automobile. They were apprehended and returned to jail in Randolph County.

Subsequently, the relator was indicted on the charge of felonious assault. A second indictment was returned the same day charging Michael Glenn Keith, together with Golden and McBride, of the offense of conspiracy to commit a felony, "to-wit: the unlawful, felonious and malicious shooting of one John Barrick ..."

Upon arraignment, the relator entered a plea of guilty to the charge of felonious assault and received a sentence of two to ten years in the penitentiary. He then entered a plea of guilty to the charge of conspiracy and was sentenced to a term of one to five years, such sentence to run consecutive to the sentence imposed for felonious assault. The conspiracy charges against Golden and McBride were later nollied, each of them having been convicted of separate offenses for which they are serving prison sentences.

In support of his petition for a writ of habeas corpus the relator asserts: (1) that his plea of guilty to the offense of conspiracy cannot stand, since the conspiracy charges against those with whom he is alleged to have conspired have been nollied; and, (2) that his convictions for felonious assault and for conspiracy, stemming from the same substantive offense, should not form a basis for consecutive sentences.

First, the relator submits that conspiracy cannot be committed by one person and that, since he alone stands convicted of such charge, that conviction must be declared void. While the charge of criminal conspiracy contemplates the participation in the conspiracy by "two or more persons", (*W. Va. Code*, 1931, 61-6-7) conviction of only one alleged conspirator is not necessarily precluded. In the circumstances of this case, the conviction must stand. The relator and two others were indicted on the charge of conspiracy, thereby supplying the "two or more persons" necessary to constitute that offense. The relator stands convicted on his guilty plea.

The conspiracy charges against his co-indictees were nollied, Golden having been convicted of first-degree sexual assault in Barbour County and McBride, pursuant to plea bargaining, having entered a guilty plea and thereby being convicted of various breakings and enterings. Both are incarcerated in prison for such convictions. From these circumstances it becomes quite obvious that the nolle prosequi of the conspiracy charges was not based on the merits of such charges.

We subscribe to the proposition as expressed in *United States v. Fox*, 130 F. 2d 56 (C.A. 3, 1942), cert. denied 317 U.S. 666, 87 L. Ed. 535, 63 S. Ct. 74 (1942), that the entry of a nolle prosequi as to all except one of the defendants to a charge of conspiracy will not ordinarily vitiate the conviction of the remaining defendant. Contrary to the position of the relator, we reject the contention that a nolle prosequi is necessarily analogous to an acquittal. In the cases cited by the relator the co-defendants were acquitted of the conspiracy charge, leaving the defendant as the sole perpetrator of conspiracy.

Clearly, one cannot conspire with himself to commit a crime so cannot alone be indicted for conspiracy. However, so long as two or more are charged in an indictment with conspiracy, the fact that all are not convicted is not necessarily fatal to the conviction of one. See *Goldberg v. United States*, 297 F. 98 (C.A. 5 Ga. 1924); *State v. Salimone*, 19 N.J. Super. 600, 89 A. 2d 56 (1952); *Cline v. State*, 204 Tenn. 251, 319 S.W. 2d 227 (1958); *People v. Bryant*, 409 Ill. 467, 100 N.E. 2d 598 (1951); and, *State v. Lockhart*, 241 Iowa 635, 19 N.W. 2d 636 (1949), cert. denied 340 U.S. 817, 95 L. Ed. 600, 71 S. Ct. 47. See also Anno., 91 A.L.R. 2d 700, 711.

Where the record reveals, as it does in the instant case, that a nolle prosequi of conspiracy charges against all but one of those charged was not based on the merits of the charge, the conviction of the remaining defendant will not be invalidated. Only when such defendants are acquitted on the merits of the conspiracy charge will the conviction of the remaining defendant be affected. The conviction in this case is therefore valid.

In his second ground for relief the relator argues that by receiving consecutive sentences for felonious assault and for conspiracy to commit that felony he was subjected to double punishment for a single offense. We do not agree. Conspiracy by two or more persons to inflict bodily injury and felonious assault are two separate and distinct offenses under our statutes. *W. Va. Code*, 1931,

61-6-7 and *W. Va. Code*, 1931, 61-2-9. Each statute provides for punishment upon conviction.

Demonstrating the intent of the legislature that sentences imposed simultaneously shall run consecutively is the language in *W. Va. Code*, 1931, 61-11-21:

> When any person is convicted of two or more offenses, before sentence is pronounced for either, the confinement to which he may be sentenced upon the second, or any subsequent conviction, shall commence at the termination of the previous term or terms of confinement, unless in the discretion of the trial court, the second or any subsequent conviction is ordered by the court to run concurrently with the first term of imprisonment imposed.

Thus, unless the trial court, upon receiving guilty pleas to each offense, ordered the terms to run concurrently, such terms by operation of the above quoted statute must run consecutively. Not only did the court not remain silent, it expressly ordered the terms to run consecutively. This it could do under the statute.

In *Pinkerton v. United States*, 328 U.S. 640, 90 L. Ed. 1489, 66 S. Ct. 1180 (1946), the Court said:

> Nor can we accept the proposition that the substantive offenses were merged in the conspiracy ... It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established ... and the plea of double jeopardy is no defense to a conviction for both offenses.

See also, *United States v. Feola*, 420 U.S. 671, 95 S. Ct. 1255, 43 L. Ed. 2d 541 (1975).

We are cognizant of the law in California, Illinois, New York, and Michigan, as cited by able counsel for the relator, but note that statutes existing in the first three

states prohibit punishment for both the conspiracy and the substantive crime. Certainly, if our legislature desires to require sentences to run concurrently in the circumstance reflected in this case it can enact the appropriate law and our courts will be bound thereby. It has not so acted, and we are constrained to affirm the order of the trial court on this ground.

For the reasons stated herein the relief prayed for is denied.

*Relief denied; prisoner remanded.*