# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

February 6, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-1283** (McDowell County 13-F-62)

**William Sykes,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner and defendant below William Sykes, by counsel Steven K. Mancini, appeals the November 19, 2013, order of the Circuit Court of McDowell County, sentencing him to serve consecutive sentences in the penitentiary for his convictions of attempt to commit child abuse causing serious bodily injury and attempt to commit child neglect causing serious bodily injury. Respondent, State of West Virginia, by counsel Benjamin F. Yancey, III, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Between April 30, 2010, and May 10, 2010, N.F.[1], petitioner's son, lived with petitioner in his home in the Welch area of McDowell County, West Virginia. Sometime during this period, petitioner physically abused N.F. After doing so, petitioner did not take him to get medical treatment for the injuries sustained. When petitioner returned the child to his mother (L.F.) in North Carolina, she discovered numerous marks on his body. L.F confronted petitioner, and a physical altercation ensued. Afterward, the police transported the mother and child to the hospital. The child had bruises and cuts on his head, face, back, arms, buttocks, and legs. The child also had a knot behind his ear and four loose teeth. When asked who did this to him, N.F. replied, "Da-Da" (referring to petitioner).

On February 19, 2013, petitioner was indicted for one count of child abuse causing serious bodily injury in violation of West Virginia Code § 61-8D-3(b), and one count of child neglect causing serious bodily injury in violation of West Virginia Code § 61-8D-4(b). West Virginia Code § 61-8D-3(b) provides, in pertinent part,

[i]f any parent . . . shall abuse a child and by such abuse cause said child serious

---

[1] Consistent with our practice in cases involving sensitive matters, we use initials to protect the identity of the child victims in this case. *See* W.Va. R.A.P. 40(e)(1); *State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

1

bodily injury . . . , then such parent . . . shall be guilty of felony and, upon conviction thereof, shall be . . . committed to the custody of the Division of Corrections not less than two nor more than ten years.

West Virginia Code § 61-8D-4(b) provides, in relevant part,

[i]f a parent . . . neglects a child and by such neglect cause the child serious bodily injury . . ., then the parent . . . is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for not less than one nor more than ten years[.]

On September 16, 2013, petitioner entered into a plea agreement, under *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987)[2]. Petitioner pled guilty to one count of attempt to commit child abuse causing serious bodily injury, a lesser included offense of count one of the indictment, and to one count of attempt to commit child neglect causing serious bodily injury, a lesser included offense of count two of the indictment. The agreement stipulated that the penalty for each offense consisted of two indeterminate terms of one to three years incarceration in the penitentiary, or two indeterminate terms of six to twelve months incarceration in jail. The state took no position at petitioner's sentencing. On November 13, 2013, the trial court denied petitioner's application for probation and sentenced petitioner to two indeterminate terms of one to three years in the penitentiary. The court ordered these sentences to run consecutively. Petitioner appeals the sentencing order of the circuit court.

Petitioner's sole assignment of error alleges that the circuit court impermissibly sentenced petitioner to consecutive sentences for his convictions, and that this sentence subjects him to double jeopardy in violation of the Fifth Amendment of the United States Constitution and Article III, Section 5 of the West Virginia Constitution. After careful consideration of the record and the parties' arguments, this Court finds no merit to petitioner's appeal.

We first note that the sentences imposed by the circuit court are consistent with our attempt statute. West Virginia Code § 61-11-8(2), provides for a sentence of an indeterminate term in the penitentiary of one to three years for the conviction of the offense of attempt to commit a felony. Additionally, "[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syl. Pt. 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979). Generally, "[s]entences imposed by the trial court, if within statutory limits and if not based on some unpermissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). However, double jeopardy claims are reviewed under a de novo standard. *See* Syl. Pt. 1, in part, *State v. Sears,* 196 W.Va. 71, 468 S.E.2d 324 (1996) ("[A] double jeopardy claim [is] reviewed *de novo*.").

---

[2] *Kennedy* allows a circuit court to accept a guilty plea despite the defendant's claim of innocence "if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." Syl. Pt. 1, in part, *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).

Petitioner asserts that the circuit court's order of two consecutive sentences of one to three years of incarceration for his convictions of attempt to commit a felony violates his right against double jeopardy. Petitioner further argues that it is undisputed that count one and count two of the indictment refer to the same factual scenario and the same incident and injuries, and accordingly that the circuit court's consecutive sentences result in petitioner receiving multiple punishments for the same act.

Where a double jeopardy claim is made regarding conduct from one alleged act or transaction, this Court has held,

> "[w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."

Syl. Pt. 8, *State v. Zaccagnini*, 172 W.Va. 491, 308 S.E.2d 131 (1983).

It is clear that the underlying offense statutes in question each require an element of proof that the other does not. While West Virginia Code § 61-8D-3(b) requires proof that the defendant abused a child and by such abuse caused the child to suffer serious bodily injury, West Virginia Code § 61-8D-4(b) requires proof that the defendant neglected a child, and by such neglect caused the child to suffer serious bodily injury. The evidence presented by the State of West Virginia at the plea hearing adduced that petitioner's minor child stayed with him from April 30, 2010 to May 10, 2010, and when the child was returned to his mother he was taken to the hospital where they discovered he had bruising all over his body. N.F. lost two of his teeth, four of which were loose when he arrived at the hospital, and identified petitioner as his assailant. Although both offenses stem from one visit to the hospital, it is clear that there is substantial evidence that petitioner both abused his child by physically assaulting him, and neglected his child, by failing to seek appropriate medical attention. As the consecutive sentences of one to three years in the penitentiary are statutorily permissible, and the offenses in question each require an element of proof that the other does not, we find that the circuit court did not err by ordering petitioner's sentences to run consecutively to one another. Accordingly, petitioner's sentence does not violate the double jeopardy clause of the Fifth Amendment of the United States Constitution or Article III, Section 5 of the West Virginia Constitution.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 6, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3