# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 15-0096** (Harrison County 14-F-209-1)

**Nathan Manley, Defendant Below,
Petitioner**

**FILED**

January 11, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Nathan Manley, by counsel Jason T. Gain, appeals the Circuit Court of Harrison County's December 15, 2014, order sentencing him to a cumulative term of incarceration of 8 to 120 years following his guilty plea to fifteen counts of burglary. The State, by counsel Shannon Fredrick Kiser, filed a response. On appeal, petitioner alleges that his sentence is disproportionate to his offenses and that the circuit court failed to make findings of fact and conclusions of law when it imposed the disproportionate sentences.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2014, petitioner and the State entered into a plea agreement whereby petitioner would plead guilty to fifteen counts of burglary. As part of the agreement, the State agreed to recommend no more than eight of the sentences run consecutively, but preserved its right to argue against alternative sentencing. Additionally, the State agreed to dismiss fifty-three felony charges and three misdemeanor charges. The charges stemmed from a series of home invasions that occurred in the Harrison County area between December of 2013 and January of 2014. The circuit court accepted petitioner's guilty plea on October 17, 2014.

The circuit court held a sentencing hearing in December of 2014 and imposed the following sentences: one to fifteen years of incarceration for each of the fifteen counts of burglary. The circuit court ordered that eight of these counts be served consecutively and that those terms run consecutively with the term of incarceration petitioner was serving for a prior grand larceny conviction in Wood County, West Virginia. The circuit court ordered the remaining seven counts of burglary sentences be served concurrently, resulting in a cumulative sentence of 8 to 120 years of incarceration. It is from this order that petitioner appeals.

1

Petitioner argues on appeal that the circuit court erred in sentencing him to a term of incarceration that was disproportionate to his offenses. Petitioner contends that his sentences were disproportionate because his co-defendants received shorter sentences. We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). We note that petitioner's sentences for his crimes are within the applicable statutory limitations. Specifically, West Virginia Code § 61-3-11(a) states that any person who is guilty of burglary "shall be confined in the penitentiary not less than one nor more than fifteen years." As such, it is clear that petitioner was sentenced within the applicable statutory guidelines and his sentences are not reviewable on appeal. We note also that "[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syl. Pt. 7, *State ex rel. Farmer v. McBride*, 224 W.Va. 469, 686 S.E.2d 609 (2009) (citing Syl. Pt. 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979); Syl. Pt. 3, *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999)). As such, by ordering that seven of the sentences run concurrently the circuit court imposed a shorter sentence than petitioner would have received under the default rule provided by *McBride*.

Moreover, the Court does not agree that the circuit court based petitioner's sentences on any impermissible factor. In fact, petitioner obtained considerable benefit by entering into the plea agreement. While petitioner asserts that his sentence was determined in a disparate manner as compared with his co-defendants, the Court does not agree. Disparate sentences among co-defendants are not per se unconstitutional and circuit courts may consider many factors for purposes of individual sentencing such as each co-defendant's involvement in the crime, prior criminal record, rehabilitative potential, and lack of remorse. Syl. Pt. 2, *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984). Here, the parties stipulated to petitioner's presentence report, which informed the circuit court of petitioner's substantial drug abuse history, his prior felony conviction, and his pending felony charge in Wood County, West Virginia. Further, petitioner's plea agreement absolved him of fifty-three felony charges and three misdemeanor charges, thereby limiting his exposure to even more incarceration time. Simply put, there is nothing in the record that shows the circuit court considered, or otherwise based its sentence on any allegedly impermissible factors.

Petitioner also argues on appeal that the circuit court failed to make findings of fact and conclusions of law when it imposed the sentences. We do not agree. The record on appeal demonstrates that the circuit court had all the necessary information available and stipulated to as fact before petitioner's sentencing. Furthermore, the circuit court did not need to make additional factual determinations because petitioner's role in committing the crimes, his background information, and his criminal history were stipulated to prior to the circuit court's final disposition of petitioner's case. As such, we find no error in the circuit court's imposition of petitioner's sentences.

For the foregoing reasons, the circuit court's December 15, 2014, sentencing order is hereby affirmed.

              Affirmed.

**ISSUED**: January 11, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II