# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 15-0111** (Morgan County 14-F-23)

**Adam W.,**
**Defendant Below, Petitioner**

**FILED**

**February 26, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Adam W.,[1] by counsel Ben J. Crawley-Woods, appeals the January 8, 2015, order of the Circuit Court of Morgan County sentencing him to a term of imprisonment in excess of forty-one years. Respondent State of West Virginia, by counsel Laura Young, filed a response in support of the circuit court's order. Petitioner contends that the circuit court committed reversible error by relying on impermissible factors in sentencing him, and that his sentence was unconstitutionally disproportionate.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2014, petitioner was charged, in a thirty-nine count indictment, with multiple sexual offenses related to three minor children and two separate offenses related to his possession and delivery of a controlled substance.[2] On March 10, 2014, pursuant to a plea agreement, petitioner pled guilty to ten counts of sexual assault in the first degree (in violation of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner was charged with ten counts of sexual assault in the first degree; twelve counts of sexual abuse by a person in a position of trust; one count of sexual abuse in the first degree; one count of sexual abuse in the third degree; three counts of possession/distribution of child erotica; ten counts of incest; one count of delivery of a controlled substance (heroin); and one count of possession of a controlled substance (heroin).

1

West Virginia Code § 61-8B-3(a)(2)), four counts of sexual abuse by person in a position of trust (in violation of West Virginia Code § 61-8D-1), one count of sexual abuse in the first degree (in violation of West Virginia Code § 61-8B-7(a)(3)), one count of sexual abuse in the third degree (in violation of West Virginia Code § 61-8B-9), and one count of possession/distribution of child erotica (in violation of West Virginia Code § 61-8C-3(a)). Per the terms of the plea agreement, the remaining counts of the indictment against petitioner were dismissed, and sentencing was in the discretion of the circuit court.

Following the entry of his guilty plea, a presentence report, diagnostic evaluation, and psychiatric evaluation of petitioner were completed. The presentence report contained a statement made by petitioner in which he admitted that he had sexually assaulted and/or abused multiple minor children, and that these sexual acts had occurred when he believed his victims to be asleep.[3]

At a December 16, 2014, hearing, the circuit court imposed upon petitioner a minimum sentence of forty-one years in prison.[4] In sentencing petitioner, the circuit court reasoned:

> . . . although he [petitioner] voiced remorse he continues to minimize his actions given that they occurred when the victims were allegedly asleep. He remains an elevated risk for re-offense than other known sex offenders. Moderate to high risk to reoffend. Diagnosis of pedophilia . . .
>
> I can say it no better than the defendant's own words; I'm afflicted with the attraction to younger members of my gender such is the bane of my existence. That's true. Absolutely. Because of the age of these victims you remain a dangerous individual that short of an extremely extended period of incarceration presents a danger to young children forever. . . . The unhealthy and illegal attraction to younger members of the generation, taking advantage of them

---

[3]At the time of his interview with the probation office, petitioner presented with a completed questionnaire previously provided to him. Within that document, petitioner authored a brief (handwritten) statement in which he discussed his crimes.

[4]Petitioner was sentenced to a term of imprisonment as follows: 1) Not less than twenty-five, nor more than 100 years, on each of ten charges of first degree sexual assault, with the sentence imposed for each charge to run concurrent with the other; 2) Not less than ten, nor more than twenty years, on each of four charges of sexual abuse by a person in a position of trust, with the sentence imposed for each charge to run concurrently with each other, but consecutively with the first degree sexual assault charges; 3) Not less than five nor more than twenty-five years for sexual abuse in the first degree, with the sentence imposed to run consecutively with the other sentences; 4) Ninety days for sexual abuse in the third degree, with the sentence imposed to run concurrently with the other sentences; and, 5) One year for the possession/distribution of child erotica, with the sentence imposed to run concurrently with the other sentences.

when they were asleep pose[s] a dangerous, dangerous threat that this Court cannot think would in any way be alleviated.

It is from the circuit court's January 8, 2015, sentencing order that petitioner now appeals. On appeal, petitioner raises two assignments of error, each related to the term of his sentence. In his first assignment of error, petitioner contends that the sentence imposed upon him by the circuit court was unconstitutionally disproportionate and shocks the conscience. In his second assignment of error, petitioner alleges that the circuit court relied on impermissible factors in imposing his sentence. As these assignments of error both address petitioner's sentence, we address them together.

"The Supreme Court of Appeals reviews sentencing orders, . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). *Accord*, Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). "'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

We first note that the sentences imposed by the circuit court were consistent with the statutory limits for such crimes.[5] Additionally, we note that "[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syl. Pt. 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979). This same standard applies in the instance where a defendant is convicted of more than two crimes, as was petitioner in this case.

In the instant case, we find that petitioner's sentences do not exceed the applicable statutory limits and are not based on any impermissible factor. *See* W.Va. Code §§ 61-8B-3, 61-8B-7, 61-8D-5, 61-8B-9, and 61-8C-3. The Legislature has chosen to mandate lengthy sentences for individuals who sexually assault and/or sexually abuse children. Our review of the record herein reveals that petitioner voluntarily admitted to committing acts of sexual assault and sexual abuse upon multiple children and that he had a continuing sexual attraction to children. Accordingly, we find that petitioner's sentences are not disproportionate to the numerous instances of his victimization of multiple children and were proper. The circuit court did not abuse its discretion in sentencing petitioner.

---

[5]West Virginia Code § 61-8B-3(c), provides for a sentence of imprisonment for not less than twenty-five nor more than one hundred years. West Virginia Code § 61-8D-5(a) provides for a sentence of imprisonment for not less than ten nor more than twenty years. West Virginia Code § 61-8B-7(c) provides for a sentence of imprisonment for not less than five nor more than twenty-five years. West Virginia Code § 61-8B-9(c) provides for a sentence of imprisonment not more than ninety days. West Virginia Code § 61-8C-3(b) provides for a sentence of imprisonment of not more than two years.

3

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 26, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4