# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 16-0377** (Hampshire County 15-F-93)

**Joseph Edward Corbin, III,**
**Defendant Below, Petitioner**

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joseph Edward Corbin, III, by counsel William T. Rice, appeals the Circuit Court of Hampshire County's March 22, 2016, order sentencing him to two consecutive prison terms of one to fifteen years following his guilty plea to two counts of delivery of a controlled substance (heroin). The State of West Virginia, by counsel Gordon L. Mowen, II, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court imposed an illegal sentence when it ordered his prison terms to run consecutively to one another.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2015, petitioner was indicted on three counts of delivery of a controlled substance, pursuant to West Virginia Code § 60A-4-401(a). Thereafter, petitioner entered an agreement with the State whereby he agreed to plead guilty to two counts of delivery of a controlled substance, and the State agreed to dismiss the remaining count of the indictment and not pursue a separate criminal charge of illegally defeating a drug screen. The plea agreement specifically provided that "[t]he State will be recommending consecutive sentences of not less than one (1) nor more than fifteen (15) years in the State Penitentiary. . . . However, sentencing will be left in the discretion of the Court."

In January of 2016, the circuit court held a plea hearing. At that hearing, the circuit court engaged in a plea colloquy with petitioner. During that colloquy, petitioner affirmatively stated that he understood that sentencing was left to the discretion of the circuit court. Further, the State reported for the record that it would recommend consecutive sentences of one to fifteen years in prison, under the terms of the plea agreement. At the conclusion of the colloquy and factual basis for the plea, petitioner entered his guilty plea orally and in writing.

In February of 2016, the circuit court held a sentencing hearing. Petitioner moved for probation with a condition that he complete substance abuse treatment. The State noted that petitioner had "a substantial criminal history, albeit . . . none of them are felony convictions."

1

The State also noted that petitioner failed a drug screen while incarcerated, and it was unclear how he obtained drugs while incarcerated. Pursuant to the plea agreement, the State recommended consecutive prison terms of one to fifteen years with one prison term suspended with five years of supervised release. In rebuttal, petitioner argued that concurrent prison terms would be more appropriate than consecutive terms under the facts of this case. At the conclusion of the hearing, the circuit court ordered petitioner to serve two consecutive prison terms of one to fifteen years. However, the circuit court suspended the second prison term and ordered that petitioner instead serve five years of supervised release. This appeal followed.

We have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). In this case, petitioner was convicted of two counts of delivery of a controlled substance. West Virginia Code § 60A-4-401(a)(i) states that if

> [a]ny person who violates this subsection with respect to [a] controlled substance classified in Schedule I or II, which is a narcotic drug, is guilty of a felony and, upon conviction, may be imprisoned in the state correctional facility for not less than one year nor more than fifteen years, or fined not more than twenty-five thousand dollars, or both.

Moreover, "[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syl. Pt. 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979).

It is clear from the record on appeal that petitioner's consecutive prison terms of one to fifteen years for two counts of delivery of a controlled substance are within statutory limits. The circuit court was within its discretion to run those sentences consecutively. Further, petitioner does not argue that his sentence is based on any impermissible factor. Instead, petitioner claims that his sentence is excessive and disproportionate to his crimes. Petitioner's argument ignores our holding on the applicability of constitutional proportionality standards: "While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981). The crimes for which petitioner was sentenced have a fixed statutory maximum set by statute and there was no life recidivism imposed in this case.

Therefore, we find that petitioner's sentence was within the maximum statutory limit and not based on any impermissible factor. Consequently, we find that petitioner's sentence is not reviewable on appeal.

For the foregoing reasons, the circuit court's March 22, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** June 16, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker