## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Respondent, Plaintiff Below**

**vs)  No. 18-0904** (Berkeley County 18-F-110; 17-F-299; 17-F-350)

**Christopher Wade Rebish,**
**Petitioner, Defendant Below**

**FILED**

**October 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Christopher Wade Rebish, by counsel B. Craig Manford, appeals the Circuit Court of Berkeley County's September 11, 2018, final conviction and sentencing order, sentencing petitioner to consecutive, as opposed to concurrent, terms of imprisonment. Respondent State of West Virginia, by counsel Caleb A. Ellis, filed a summary response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

It is undisputed that on January 24, 2017, petitioner went, uninvited, to the home of Joshua Silvious and Sharalyin Allen and demanded entry into the home. When his demands were not met, petitioner retreated to his vehicle, obtained a firearm, and began shooting into the home, in which Mr. Silvious, Ms. Allen, and Ms. Allen's young child were present. Petitioner left the Silvious/Allen home at the prompting of a neighbor who, upon hearing the commotion, left his home and confronted petitioner – with the neighbor ultimately drawing his own firearm, for which he held a concealed carry permit. Records related to the investigation provide that a total of twenty-one spent casings and bullet holes were found at the scene and two bullets were retrieved from the walls of the Silvious/Allen home.

Several months later, on April 2, 2017, petitioner was involved in a dispute with his former girlfriend, Samantha Mattingly. Petitioner confronted Ms. Mattingly whom he believed was romantically involved with another male, Joshua Wittenmyer. Petitioner then confronted Mr. Wittenmyer and, ultimately, chased Mr. Wittenmyer into a nearby apartment, kicked the door open, and stabbed Mr. Wittenmyer twice in the arm. Upon learning that someone had called the police and reported his actions, petitioner placed his knife at Mr. Wittenmyer's throat, took Mr.

1

Wittenmyer's keys, and asked him for the location of his vehicle. Petitioner stole Mr. Wittenmyer's vehicle and fled the scene. Ultimately, petitioner was apprehended in Mr. Wittenmyer's vehicle outside of the Martinsburg city limits.

In October of 2017, petitioner was indicted by the Berkeley County Grand Jury in two separate legal actions, case numbers 17-F-299 and 17-F-350. In 17-F-299, arising from the April 2, 2017, incident, petitioner was charged with malicious wounding, first-degree robbery, grand larceny, and fleeing with reckless operation of a motor vehicle. In 17-F-350, arising from the January 24, 2017, incident, petitioner was charged with four counts of attempted first-degree murder, and twenty-one counts of wanton endangerment with a firearm. Thereafter, on May 4, 2018, an information was filed in case number 18-F-110, in which petitioner was charged with one count of grand larceny.[1]

On June 27, 2018, the parties entered into a plea agreement and filed a letter noting their agreement in case number 17-F-350. Pursuant to the agreement, petitioner agreed to plead guilty or no contest to one count of malicious assault and one count of first-degree robbery (in 17-F-299), and two counts of attempted first-degree murder and one count of wanton endangerment (in 17-F-350). In return, the State agreed to dismiss the remaining charges against petitioner. The plea agreement included a sentencing provision, pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure, making certain sentencing stipulations binding if the circuit court accepted the agreement. Per the agreement, for his convictions in 17-F-299, petitioner would serve the statutorily provided indeterminate term of two to ten years for his malicious assault conviction, and a determinate term of thirty years for his first-degree robbery conviction. The agreement provided that these sentences would run concurrently. For his convictions in 17-C-350, petitioner would serve an indeterminate term of three to fifteen years for each of his attempted murder convictions, and a determinate term of five years for his malicious assault conviction. By the terms of the agreement, these sentences would run concurrently. The agreement left, to the discretion of the circuit court, whether the sentences in 17-F-299 and 17-F-350 would run concurrently or consecutively with one another. Finally, the parties agreed that the overall resulting sentence would run concurrently with petitioner's sentence on his grand larceny conviction in 18-F-110.

A hearing was held on the proposed plea agreement on August 28, 2018. During the hearing the circuit court engaged in a lengthy colloquy with petitioner, in which petitioner was questioned regarding his understanding of the proceedings, his criminal and personal history, and his prior involvement in substance abuse treatment. Petitioner was provided a detailed recitation of the facts the State would have been able to prove had the matter proceeded to trial. At the conclusion of the

---

[1] Petitioner's grand larceny charge arose from a 2015 incident wherein petitioner allegedly took, without permission, more than $1,000 from the bank account of Laura Livingston. This charge was resolved by plea agreement, wherein petitioner waived his right to have the case presented to the Berkeley County Grand Jury. Petitioner entered a no contest plea to the grand larceny charge on May 4, 2018. As part of petitioner's plea agreement, the parties agreed that disposition of that case would be deferred until "all of petitioner's outstanding cases were resolved."

2

hearing, petitioner pled no contest to each of the five charges outlined in the plea agreement and the court accepted the plea.

After accepting the plea agreements, the court proceeded directly to sentencing. Both parties offered arguments on whether the court's sentencing should be concurrent or consecutive, with petitioner's counsel focusing on petitioner's history of substance abuse and mental health issues.[2] The State argued for consecutive sentencing, given the serious nature of each of the crimes. The State referenced a recorded phone call petitioner made while incarcerated, on April 3, 2017, in which he threated to stab an individual "if he saw him again." The State argued the petitioner's continued threats of physical violence was illustrative of his lack of remorse.

Ultimately, the court ruled that petitioner's two sets of sentences should run consecutively.[3] The court noted the "violent and extensive" nature of petitioner's crimes and stated that petitioner's post-arrest call threatening continued violence "supported the notion that petitioner presented a risk of future violence." Further, the court was troubled that the only period of sobriety petitioner had experienced following his "admittedly serious substance abuse problems" came only as a result of his incarceration pending resolution of the charges at issue. The court noted that petitioner's "devastating youthful history" was "partially why the court was [even] willing to accept this plea agreement," which the court termed "pretty gracious." On September 11, 2018, the circuit court entered three final conviction and sentencing orders in each of petitioner's individual cases formally sentencing petitioner. It is from his sentencing orders that petitioner now appeals.

This Court "reviews sentencing orders, . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). "'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl Pt. 3, State v. Georgius, 225 W. Va. 716, 696 S.E.2d 18 (2010).

Here, there is no dispute that the sentences imposed by the trial court are within the statutory limits for the offenses to which petitioner pled. *See* W.Va. Code §§ 61-2-1 (murder), 61-11-8 (attempt), 61-2-9(a) (malicious wounding), and 61-3-11(a) (first-degree robbery). Accordingly, petitioner's sentence is not subject to appellate review unless it was based on some impermissible factor. Petitioner contends that the circuit court improperly considered petitioner's

---

[2] Petitioner had long history of treatment for bipolar disorder, oppositional defiance disorder, and ADHD for which he had been prescribed a myriad of different medications. In or around 2015, petitioner disclosed that he began "self-medicating" with illegal drugs in lieu of taking his prescription medications. Since 2015, petitioner has participated in several substance abuse treatment programs but was either discharged from the programs or left the programs against medical advice.

[3] Additionally, the court sentenced petitioner to not less than one nor more than ten years on the grand larceny conviction in 18-F-110, and ordered that this sentence run concurrently with petitioner's other sentences.

mental illness and substance abuse as an impermissible sentencing factor and, thus, abused its discretion in sentencing petitioner to consecutive terms of imprisonment, as opposed to concurrent.

We disagree. This Court has long held that "[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syl. Pt. 3, *Keith v. Leverette*, 163 W. Va. 98, 254 S.E.2d 700 (1979). *See also* W.Va. Code § 61-11-21. Further, this Court further recognized that trial courts have wide discretion in the sources and types of evidence used in determining the kind and extent of punishment to be imposed. *See State ex. rel. Dunlap v. McBride*, 225 W. Va. 192, 202, 691 S.E.2d 183, 193 (2010) (quoting *Elswick v. Holland*, 623 F.Supp 498, 504 (S.D. W.Va. 1985)).

At his sentencing, petitioner argued that his crimes were mitigated by his long history of substance abuse and mental illness. In considering petitioner's sentence, the circuit court made explicit reference to the "violent and extensive" crimes while also referencing petitioner's "devastating youthful history," as a mitigating factor. Given the serious nature and extent of petitioner's crimes, which are undisputed by the parties, we find no abuse of the circuit court's discretion in sentencing. Rather, we concur with the circuit court's characterization of its acceptance of petitioner's plea agreement as "pretty gracious."

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4