**FILED**

**August 31, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0598** (Kanawha County 18-F-174)

**Michael M.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Michael M., by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's July 1, 2021, order sentencing him to two consecutive terms of incarceration of ten to twenty years for his guilty pleas to sexual abuse by a parent, guardian, custodian, or person in a position of trust and to one consecutive term of incarceration of five to twenty-five years for his guilty plea to distribution and exhibition of materials depicting minors engaged in sexually explicit conduct.[1] Respondent State of West Virginia, by counsel Patrick Morrisey and Mary Beth Niday, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court's imposition of consecutive sentences violated the prohibition against cruel and unusual punishment under the federal and state constitutions.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2018, the grand jury indicted petitioner on two counts of first-degree sexual assault of a child under twelve; six counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust; four counts of first-degree sexual abuse of a child under twelve; and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

one count of distribution and exhibition of materials depicting minors engaged in sexually explicit conduct. In February of 2019, petitioner entered into a plea agreement whereby he pled guilty to two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust and one count of distribution and exhibition of materials depicting minors engaged in sexually explicit conduct in exchange for the dismissal of the remaining counts in the indictment. There was no agreement regarding concurrent versus consecutive sentencing. In March of 2019, the court accepted petitioner's guilty pleas pursuant to the plea agreement.

In August of 2019, the court sentenced petitioner to two indeterminate terms of ten to twenty years of incarceration for each count of sexual abuse by a parent, guardian, custodian, or person in a position of trust. The court ordered these sentences to run consecutively. The court sentenced petitioner to an indeterminate term of five to fifteen years of incarceration for distribution and exhibition of materials depicting minors engaged in sexually explicit conduct. This sentence was likewise ordered to run consecutively to the other two sentences. Petitioner's aggregate prison sentence was twenty-five years to fifty-five years. The court also ordered that upon his release, petitioner will be monitored with extended supervision for fifty years and he must register as a sex offender for life.

In imposing these sentences, the court considered the presentence investigation report, the forensic psychological evaluation, petitioner's statement, letters on petitioner's behalf, the victim impact statement, and proffers from the victim's family members. The circuit court concluded that petitioner had not accepted responsibility for his behavior and instead blamed the victim and his methamphetamine use for his criminal conduct.

Petitioner filed several self-represented motions to reduce sentence, which were denied by the court. However, in July of 2021, the circuit court resentenced petitioner for purposes of allowing him a timely direct appeal. It is from the July 1, 2021, resentencing order that petitioner appeals.

We review sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002) (citation omitted). "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

With these parameters in mind, we turn to petitioner's assertion that the court's imposition of consecutive sentences violated his constitutional protections against cruel and unusual punishments. To begin, West Virginia Code § 61-11-21 provides that a person convicted of two or more offenses shall be sentenced to consecutive terms of incarceration unless the circuit court, in its discretion, orders those offenses to run concurrently with one another. *See also* Syl. Pt. 3, *Keith v. Leverette*, 163 W. Va. 98, 254 S.E.2d 700 (1979) (holding that "[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively"). The circuit court, having found that petitioner had not accepted responsibility for his conduct, acted within its discretion when it ordered petitioner's sentences to run consecutively.

Furthermore, petitioner is unable to challenge his sentences under a proportionality claim. We have held that "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). All of petitioner's sentences involved a fixed maximum set by statute—the sentence set forth in West Virginia Code § 61-8D-5(a) governing sexual abuse by a parent, guardian, custodian, or person in a position of trust provides for a term of incarceration of "not less than ten nor more than twenty years," and the sentence set forth in West Virginia Code § 61-8C-3(d) governing distribution and exhibition of materials depicting minors engaged in sexually explicit conduct provides for a term of incarceration of "not less than five nor more than fifteen years." Additionally, petitioner did not receive a life recidivist sentence. Thus, petitioner's sentence is not appropriate for a proportionality analysis, and we decline to disturb his sentences on appeal. *See State v. Allen*, 208 W. Va. 144, 156, 539 S.E.2d 87, 99 (1999) ("Because this case involves neither the possibility of unlimited sentences nor a life recidivist statute, we decline [the appellant]'s invitation to apply proportionality principles herein.").

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 1, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn