# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.) No. 24-118 (**Hardy County CC-16-2023-F-7)

**Jeffrey Allen Hibbard,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jeffrey Allen Hibbard appeals the Circuit Court of Hardy County's January 31, 2024, sentencing order, arguing that his conviction for kidnapping should be vacated because the governing statute is unconstitutionally vague and ambiguous; the evidence admitted at trial was insufficient to sustain a kidnapping conviction; his sentence was unconstitutionally disproportionate; and the court abused its discretion in ordering consecutive sentences on certain counts.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

A Hardy County grand jury indicted the petitioner for kidnapping, strangulation, assault during the commission of a felony, malicious assault, two counts of first-degree sexual assault, and attempted murder. The petitioner's jury trial began on August 30, 2023. The evidence at trial showed that the petitioner and his girlfriend, the victim, J.F., lived together in Moorefield, West Virginia, along with their three-year-old daughter. J.F. testified that the petitioner came home in the early hours of August 11, 2022, accused her of cheating, and began beating her while demanding the name of her paramour. The petitioner ripped her clothes off, choked her with towels, inserted his fingers into her vagina and anus, dragged her back inside the house after she ran away while naked, threw her to the floor, and urinated on her. After the petitioner stopped beating her, he sent J.F. upstairs to check on their daughter, ordering her not to let the child see her face. Later that morning, after the petitioner fell asleep on the couch, J.F. and her daughter escaped the house. J.F. admitted that she and the petitioner smoked methamphetamine and marijuana on August 11, 2022.

---

[1] The petitioner is represented by counsel Grant M. Sherman. The State of West Virginia appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

Photographs depicting J.F.'s injuries were introduced during trial. Sgt. Austin Riggleman, of the Moorefield Police Department, testified that J.F.'s condition "was one of the worst cases of physical violence [he had seen] where the victim actually survived."[2] The State also introduced recordings of jail phone calls between the petitioner and his mother in which he admitted that he had held J.F. against her will.

The petitioner testified that on August 11, 2022, he worked third shift at the local chicken plant from 11 p.m. to 7 a.m. Around 1:30 a.m., the petitioner walked home on his work break and woke J.F. so they could smoke methamphetamine together, as was their normal routine. The petitioner stated that he began to accuse J.F. of cheating on him, which escalated into an argument, and he "started hitting her. . . . and [he] was beating her up, and--and she was on the floor holding her hands on her face and [he] just kept smacking her, asking for the name. And this all lasted about an hour[.]" After he stopped hitting J.F., he got a bag of frozen food from the freezer to help with the bruising on her face; he and J.F. then smoked methamphetamine together until he passed out on the couch. When he woke up, J.F. was gone. The petitioner expressly denied dragging, strangling, or threatening to kill J.F.; he also denied urinating on her or sexually assaulting her. However, he acknowledged telling his mother during a recorded jail phone call that he had held J.F. against her will, but he insisted, to his mother and the jury, that he did not kidnap her.

At the close of the State's evidence the petitioner moved for a judgment of acquittal on the charges of kidnapping, strangulation, and malicious assault. Relevant to this appeal, the petitioner argued that there was insufficient evidence for a conviction on kidnapping because J.F. was not bound by chains and appeared "free to leave the house." The circuit court denied the petitioner's motion.

The jury convicted the petitioner of kidnapping, with a recommendation of mercy; assault during the commission of a felony; malicious assault; and two counts of second-degree sexual assault (a lesser included offense of first-degree sexual assault). The jury found the petitioner not guilty of strangulation and attempted murder.

The circuit court imposed the statutorily prescribed term of incarceration for each of the petitioner's convictions: life, with parole eligibility after ten years, for kidnapping;[3] not less than two nor more than ten years for assault during the commission of a felony;[4] not less than two nor more than ten years for malicious assault;[5] and not less than ten nor more than twenty-five years for each conviction for second-degree sexual assault.[6] The petitioner argued for concurrent

---

[2] Austin Riggleman was employed as a Deputy in the Hardy County Sheriff's Department at the time of trial.

[3] *See* W. Va. Code § 61-2-14a(a) and (b).

[4] *See id.* § 61-2-10.

[5] *See id.* § 61-2-9(a).

[6] *See id.* § 61-8B-4(b).

sentences. In weighing that request, the circuit court indicated that it had "spent quite a bit of time thinking about [whether to impose concurrent or consecutive sentences] and what the proper penalties are in these cases" and that it had considered "the protection of citizens" and "what is fair in this case." Recounting that the petitioner left J.F. "truly unrecognizable" and that it was "a miracle this woman was not killed," "the extent of the violent nature of these crimes" led the court to order that the petitioner's sentences for kidnapping, second-degree sexual assault, and malicious assault run consecutively. The court ordered that the petitioner's sentence for assault during the commission of a felony run concurrently with the sentence imposed for kidnapping. The court memorialized the petitioner's sentences in its January 31, 2023, sentencing order, and it is from that order that the petitioner now appeals.

In the petitioner's first assignment of error, he contends that the kidnapping statute is facially void for vagueness because it does not define "takes custody of," "conceals," "confines," or "restrains" and because it contains no temporal requirement;[7] accordingly, he maintains that his kidnapping conviction is invalid. Without definitions of the identified terms, he asserts, the terms "may be left to broad and vague interpretation of a finder of fact." With respect to the statute's claimed lack of any temporal requirement, the petitioner argues that "in theory," a trier of fact could conclude that a kidnapping "may have occurred over a brief moment in time, or possible seconds."

To begin, we observe that the petitioner failed to raise his vagueness challenge below. By failing to raise this argument below, the petitioner failed to preserve this issue for our review: "This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." Syl. Pt. 2, *Sands v. Sec. Tr. Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958). We have also stated, however, that "[a] constitutional issue that was not properly preserved at the trial court level may, in the discretion of this Court, be addressed on appeal when the constitutional issue is the controlling issue in the resolution of the case." *State v. Ward*, 245 W. Va. 157, 162, 858 S.E.2d 207, 212 (2021) (citing Syl. Pt. 2, *Louk v. Cormier*, 218 W. Va. 81, 622 S.E.2d 788 (2005)); *see also State v. Wilfong*, 247 W. Va. 515, 518, 881 S.E.2d 426, 429 (2022) (noting that void-for-vagueness challenges are rooted in the guarantees of due process afforded by the state and federal constitutions). Exercising our discretion to consider the petitioner's constitutional argument, we nevertheless find that he is entitled to no relief.

"Criminal statutes, which do not impinge upon First Amendment freedoms or other similarly sensitive constitutional rights, are tested for certainty or definiteness by construing the statute in light of the conduct to which it is applied." Syl. Pt. 3, *State v. Flinn*, 158 W. Va. 111, 208 S.E.2d 538 (1974). The petitioner, though, makes no reference to his conduct—which includes his (admitted) holding J.F. against her will for longer than mere seconds. Rather, he identifies only theoretical applications of the statute and speculates as to what a trier of fact "may" do. But "a defendant cannot prevail in his void-due-to-vagueness constitutional challenge by raising hypothetical scenarios that illustrate a statute could prove difficult to apply." *Wilfong*, 247 W. Va. at 520, 881 S.E.2d at 431. "Close cases can be imagined under virtually any statute. The problem

---

[7] The relevant text of the 2021 version of the kidnapping statute—the version under which the petitioner was convicted and sentenced—is set forth below.

that poses is addressed, not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt." *Id.* at 520-21, 881 S.E.2d at 431-32. Accordingly, because the petitioner has not argued or shown that the kidnapping statute under which he was convicted is vague as applied to his conduct, his challenge fails. *See id.* at 517, 881 S.E.2d at 428 ("But because [the petitioner] does not argue, and has not shown, that this statute is vague as applied to his conduct of possessing a firearm while regularly using marijuana, his facial challenge cannot succeed.").

In his second assignment of error, the petitioner argues that the circuit court erred in ordering that most of his sentences run consecutively to one other. In the alternative, the petitioner argues that his sentences were unconstitutionally disproportionate. In support, he points to his "minimal criminal history" and expression of remorse.

"The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). However, "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). And "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

Circuit courts are vested with discretion in determining whether to impose concurrent or consecutive sentences. *See State v. Allen*, 208 W. Va. 114, 155, 539 S.E.2d 87, 98 (1999) ("'When a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively.' Syllabus point 3, *Keith v. Leverette*, 163 W. Va. 98, 254 S.E.2d 700 (1979)."); *see also* W. Va. Code § 61-11-21 ("When any person is convicted of two or more offenses, before sentence is pronounced for either, the confinement to which he may be sentenced, or any subsequent conviction, shall commence at the termination of the previous term or terms of confinement, unless, in the discretion of the trial court, the second or any subsequent conviction is ordered by the court to run concurrently with the first term of imprisonment imposed."). The court considered the petitioner's request for concurrent sentences but ultimately determined that the violent nature of his crimes necessitated imposition of primarily consecutive sentences—a decision well within its discretion. And because the petitioner's sentences are within statutory limits, and he does not argue that the court considered an impermissible factor at sentencing, his sentences are otherwise insulated from review. *See State v. Slater*, 222 W. Va. 499, 503, 507, 665 S.E.2d 674, 678, 682 (2008) (concluding that the petitioner's consecutive sentences of life, with mercy, for kidnapping; one year for domestic battery; five years for wanton endangerment; and not less than one nor more than fifteen years for daytime burglary were not subject to appellate review as they were within statutory limits and the petitioner identified no impermissible factor).

In his remaining assignment of error, the petitioner argues that the State did not present sufficient evidence at trial to sustain a kidnapping conviction. The petitioner asserts that the

undisputed evidence showed that J.F. was already at their shared residence when he arrived, and she was absent when he awoke. He contends that the normalcy of these circumstances proves that he did not kidnap J.F. The petitioner acknowledges that his testimony conflicted with J.F.'s testimony in certain respects, namely whether she tried to run from the home and whether he dragged her back into the house against her will, and he acknowledges that those testimonial conflicts may only be resolved through a jury's credibility determinations, not by the appellate court. *See* Syl. Pt. 3, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995) (stating that "[c]redibility determinations are for the jury and not an appellate court"). However, the petitioner claims that even when construing the evidence presented at trial in the light most favorable to the prosecution, no rational trier of fact could have found that the State proved the necessary elements of kidnapping.

"This Court applies a de novo standard of review to a circuit court's denial of a motion for judgment of acquittal." Syl. Pt. 5, *State v. Thompson*, ___ W. Va. ___, 927 S.E.2d 885 (2026). We have held:

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

*Guthrie*, 194 W. Va. at 663, 461 S.E.2d at 169, Syl. Pt. 1.

West Virginia Code § 61-2-14a details the elements of kidnapping and provides, in relevant part:

> (a) Any person who unlawfully takes custody of, conceals, confines, transports, or restrains another person against his or her will by means of force, threat of force, duress, fraud, deceit, inveiglement, misrepresentation, or enticement with the intent to:
>
> > (1) Hold another person for ransom, reward, or concession;
> >
> > (2) Inflict bodily injury;
> >
> > (3) Terrorize the victim or another person; or
> >
> > (4) Use another person as a shield or hostage, is guilty of a felony and, upon conviction thereof, shall be punished by imprisonment by the Division of Corrections and Rehabilitation for life, and, notwithstanding the provisions of § 62-12-1 *et seq*. of this code, is not eligible for parole.

The evidence admitted at trial was sufficient to support the petitioner's kidnapping conviction. J.F. testified that the petitioner restrained and beat her for an extended period, and he dragged her back into the house when she tried to run away. Although J.F.'s and the petitioner's testimony conflicted, we have stated that a motion for a judgment of acquittal based on sufficiency of the evidence requires the court to view the evidence in the light most favorable to the prosecution. *See LaRock*, 196 W. Va. at 299, 470 S.E.2d at 618, Syl. Pt. 2 (providing that when addressing a challenge to the sufficiency of the evidence, the evidence "must be viewed from the prosecutor's coign of vantage"). When viewed in the light most favorable to the prosecution, J.F.'s testimony provided sufficient evidence for the kidnapping charge to proceed to the jury, where, as noted by the petitioner, credibility determinations are decided. *See Guthrie*, 194 W. Va. at 663, 461 S.E.2d at 169, Syl. Pt. 3. Moreover, even without construing conflicting evidence in favor of the prosecution, the petitioner's testimony also provided an adequate basis for the court to deny the motion for a judgment of acquittal—he admitted beating J.F. for about an hour, and he acknowledged telling his mother that he had held J.F. against her will. The petitioner's statements were sufficient for any rational trier of fact to find beyond a reasonable doubt that he had restrained and confined J.F. against her will with the intent to inflict bodily injury. Therefore, the circuit court did not err in denying the petitioner's motion for judgment of acquittal.

For the foregoing reasons, we affirm.

Affirmed.


**ISSUED:** June 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

6