# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0649** (Preston County 17-F-26)

**David N.,**
**Defendant Below, Petitioner**

**FILED**

**January 17, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David N., by counsel William B. Summers, appeals the Circuit Court of Preston County's June 15, 2018, order sentencing him to an effective term of ten to twenty years of incarceration following the entry of his guilty plea to two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust.[1] The State of West Virginia, by counsel Robert L. Hogan, filed a response. On appeal, petitioner argues that the circuit court erred in sentencing him to incarceration rather than alternative sentencing and considering an impermissible factor at sentencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2017, petitioner was indicted on nine counts of first-degree sexual assault and eleven counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust. On January 11, 2018, petitioner entered into a plea agreement with the State wherein he pled guilty to two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust in exchange for the State's dismissal of the remaining charges. The parties also agreed that the State would make no recommendation as to sentencing, except to agree that were petitioner sentenced

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

to incarceration, his sentences for each of the two counts would run concurrently, and that petitioner would be subject to the sex offender registration and any relevant restitution requirements.

Petitioner's sentencing hearing was held on May 23, 2018. Counsel for petitioner argued for alternative sentencing, stating that petitioner underwent a psychological evaluation, the results of which indicated that petitioner's risk of reoffending fell within the "very low risk" range. Accordingly, the evaluators opined that petitioner's prognosis for functioning under the terms of supervised release was positive. However, areas of concern included potential irresponsibility, negative feelings, poor self-esteem, and problems in relationships. While the evaluators made no recommendation as to whether petitioner should be granted alternative sentencing, they provided the court with a list of recommendations, should the circuit court elect to sentence petitioner to supervised release. Petitioner also underwent a presentence investigation, which revealed that he had no prior criminal history. Further, the officer who authored the report opined that petitioner had accepted responsibility for the crimes for which he had been convicted and expressed remorse for the same. Of note, the officer expressed that petitioner tended to externalize blame in his statement for the report. Petitioner spoke on his own behalf, expressing his remorse over the situation and detailing the steps he had already taken to make restitution to the family. Following argument, the circuit court noted that, "[t]here are two or three things that could happen." The court stated that it could send petitioner for a "pre-sentence diagnostic;" order home incarceration, although not practical in this case; or sentence petitioner and allow him to file a motion for reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure, should he so choose.[2] The circuit court noted that

> I tell people, remind lawyers, that there's Rule 35[(b)] so that [is] something that could happen . . . . It might be an opportunity for counsel to find out what the other side of the picture is in terms of the family and the victim and by the time they file the hearing on 35[(b)], you might have another side to the cheering gallery here at the sentencing table.

Later, the circuit court again suggested that petitioner could file a motion under Rule 35(b). The court noted that, were it to be assigned to hear petitioner's motion for reduction of sentence, it would give "very, very, very serious consideration" to anything the victim or her family had to say, were petitioner's counsel to procure their statements.

---

[2]Rule 35(b) of the West Virginia Rules of Criminal Procedure provides that

> [a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Having discussed its options, the circuit court incorporated the findings of fact in the presentence investigation report and sentenced petitioner to concurrent terms of not less than ten nor more than twenty years of incarceration for the two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust, with two years of supervised release. Throughout the hearing, the court commented on several bases for incarceration rather than alternative sentencing. The circuit court noted that, contrary to petitioner's claims that imprisonment was "not going to help anybody," imprisonment could potentially help the victim and her family. Additionally, public sentiment often demanded that offenses such as those committed by petitioner not be treated lightly. The circuit court also noted that home incarceration was not practical given the "circumstances of the case."[3] Petitioner's sentences were memorialized in the circuit court's June 15, 2018, sentencing order, and it is from this order that he appeals.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

On appeal, petitioner argues that the circuit court erred in sentencing him to the "maximum sentence allowed by law" without making sufficient findings as to why it chose that sentence over some alternative sentencing such as probation.[4] Petitioner states that the circuit court did not consider any of the positive aspects of the psychological evaluation, the presentencing report, his allocution, or his counsel's arguments. Specifically, petitioner points out that he fell within the "very low risk of reoffending" range and expressed remorse for his actions. He further contends that the circuit court's "requirement" that he procure a statement from the victim was an impermissible factor. Petitioner asserts that this requirement impermissibly shifted the burden of procuring the victim's participation to him and essentially precluded him from any alternative sentencing.

---

[3]Petitioner is the victim's grandfather.

[4]Clearly, petitioner does not contest that his sentence was outside of statutory limits. In fact, we note that petitioner's sentences were ordered to run concurrently. This Court has held that

> """"When a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syllabus point 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979).' Syllabus Point 3, *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999)."
> Syl. Pt. 7, *State ex rel. Farmer v. McBride*, 224 W.Va. 469, 686 S.E.2d 609 (2009).

Syl. Pt. 4, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016). While petitioner claims to have been sentenced to the "maximum sentence allowed by law," he fails to recognize that absent the circuit court's affirmative decision to provide petitioner some leniency by ordering concurrent sentences, the sentences would have been consecutive, resulting in a longer effective sentence.

We find no merit to petitioner's claim that the circuit court denied him alternative sentencing until he could procure the victim's participation. Prior to petitioner's request for alternative sentencing and any mention of the victim's desires, the circuit court asked him "you realize that I would be sentencing you to . . . two counts, for which, I think, [is] 10 to 20 years; is that right?" To which petitioner responded, "[y]es, your honor." Accordingly, petitioner was aware that the circuit court was contemplating sentencing him in accordance with the statutory limits prior to finding out about the victim's lack of participation in sentencing. Moreover, the record is clear that the circuit court considered a number of permissible factors in deciding to sentence petitioner to incarceration. The circuit court noted that public opinion often demands that offenses such as the ones committed by petitioner not be treated lightly. Additionally, the circuit court noted that incarceration could help the victim and her family, and that home incarceration was impractical given the circumstances of the case. Accordingly, we find no merit in petitioner's claim that the circuit court's sentencing rationale is not reflected in the record. Lastly, contrary to petitioner's argument, the circuit court did not require petitioner to seek out the victim's statement before it would consider alternative sentencing. Rather, the circuit court was simply providing petitioner with an avenue to have his sentence reduced in the future, should he choose to pursue that option. Accordingly, we find that the circuit court did not abuse its discretion in this regard.

For the foregoing reasons, the circuit court's June 15, 2018, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** January 17, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison