# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 18-0606** (Hardy County 17-F-23)

**Brandon S.,**
**Defendant Below, Petitioner**

**FILED**

**March 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Brandon S., by counsel William T. Rice, appeals the Circuit Court of Hardy County's June 10, 2018, order sentencing him to an effective term of not less than twenty nor more than forty years of incarceration following the entry of his guilty plea to two counts of sexual abuse by a custodian.[1] The State of West Virginia, by counsel Mary Beth Niday, filed a response. On appeal, petitioner argues that the circuit court erred in sentencing him to consecutive, rather than concurrent, prison sentences.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2017, a Hardy County Grand Jury returned a thirteen-count indictment against petitioner, charging him with four counts of incest, four counts of sexual abuse by a custodian, four counts of third-degree sexual assault, and one count of obstructing a law enforcement officer.

Petitioner entered into a plea agreement on August 31, 2017, whereby he agreed to plead guilty to two counts of sexual abuse by a custodian in exchange for the State's agreement to dismiss

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

the remaining charges in the indictment and to refrain from filing a recidivist information against petitioner.[2] The agreement specified that the parties would be free to "make any and all further recommendations" at sentencing.

Petitioner's initial sentencing hearing was held on December 18, 2018. Counsel for petitioner argued that the circuit court should sentence petitioner to concurrent, rather than consecutive, sentences. In support, counsel noted that petitioner had been in a severe car crash in 1999 that resulted in a brain injury and ultimately led to his alcohol abuse. Counsel also noted that petitioner suffered from an optical neuropathy condition, which would result in the complete loss of his eyesight prior to his release if the court were to sentence him to consecutive sentences. Further, counsel advised the circuit court that petitioner had been the victim of incest when he was a child. Petitioner exercised his right to allocution and noted that he was remorseful for his actions.

The victim's mother read her own victim impact statement, as well as the impact statement of the victim's father who could not attend the hearing. The victim's grandmother also read her victim impact statement. All three requested that petitioner be sentenced to consecutive sentences. The victim's statement was also read into the record. The statement read, in part, as follows:

> you hurt my family so many times that you're a jerk for so much tragedy that you put my family though. I hope you have more time for your sentence [for what] you have done to me and my brother. I hope you rot in hell and I mean that from deep down in my heart. I never want to see you or talk to you ever again. Since I have been though therapy I know now what you did to me was wrong. You have hurt me physically and messed up my mind. I hate you very much.

The State requested that the circuit court sentence petitioner to consecutive sentences. The State noted that "[t]his is his third felony conviction which could have resulted in him receiving life in the penitentiary." The State argued that petitioner "deserves a life sentence" and that he is "not safe to be around any children ever." Following the State's recommendation, the circuit court ordered that petitioner undergo a sexual offender evaluation for the sole purpose of determining whether his sentences should run consecutively or concurrently. As such, the sentencing hearing was continued.

The circuit court reconvened the sentencing hearing in May of 2018. Counsel for petitioner advised the court that the sexual offender evaluation "didn't come out particularly well," but noted that the report did not indicate that petitioner was at high risk of reoffending. Rather, the report indicated that petitioner was only at moderate risk of reoffending. Counsel also noted that the report indicated no sociopathic tendencies. Counsel for petitioner again argued that petitioner should be sentenced to concurrent sentences. The State advised the circuit court that petitioner's sexual offender evaluation was "extremely poor." Negative factors noted by the report included that petitioner abused two victims; that his abuse increased in force and coercion; that he suffered from chronic alcohol abuse which lowers control; that he had a prior head injury, which may increase impulsive behavior; that he failed to accept full responsibility for his actions; that he

---

[2]Petitioner appears to have been previously convicted of arson and first-degree sexual abuse.

expressed little guilt or remorse; that he was a pedophile; and that he was not amenable to sex offender treatment. As such, the State requested that the circuit court sentence petitioner to consecutive sentences.

Ultimately, the circuit court sentenced petitioner to consecutive sentences of not less than ten nor more than twenty years of incarceration for each count of sexual abuse by a custodian. In reaching its decision, the circuit court noted that the matters surrounding the conviction painted "a horrible picture." While the circuit court had no doubt that petitioner's victimization as a child, as well as his alcohol abuse, contributed to the situation, it found that petitioner ultimately chose to abuse the child. Moreover, according to the sexual offender evaluation, the strongest predictor of future sex offending is psychopathic or anti-social personality disorder, and petitioner was determined to be nearing the sixtieth percentile in that category, in addition to exhibiting deviant behavior. For those reasons, the circuit court ordered consecutive, rather than concurrent, sentences. Petitioner's sentences were memorialized in the circuit court's June 10, 2018, sentencing order, and it is from this order that he appeals.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002) (citation omitted). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

In this case, petitioner was convicted of two counts of sexual abuse by a custodian. West Virginia Code § 61-8D-5(a) states, in part, that if

> any parent, guardian or custodian of or other person in a position of trust in relation to a child under his or her care, custody or control, shall engage in or attempt to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody or control, . . . then such parent, guardian, custodian or person in a position of trust shall be guilty of a felony and, upon conviction thereof, shall be imprisoned in a correctional facility not less than ten nor more than twenty years, or fined not less than $500 nor more than $5,000 and imprisoned in a correctional facility not less than ten years nor more than twenty years.

Moreover,

> "'"[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syllabus point 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979).' Syllabus Point 3, *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999)." Syl. Pt. 7, *State ex rel. Farmer v. McBride*, 224 W.Va. 469, 686 S.E.2d 609 (2009).

Syl. Pt. 4, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

It is clear from the record on appeal that petitioner's consecutive prison terms of ten to twenty years for two counts of sexual abuse by a custodian are within statutory limits. As noted above, the circuit court was within its discretion to run those sentences consecutively. In fact, the circuit court considered numerous factors in deciding to sentence petitioner to consecutive, rather than concurrent, sentences. The circuit court heavily relied on the sexual offender evaluation, which indicated that petitioner was nearing the sixtieth percentile for psychopathic or anti-social personality disorder, which is the strongest predictor of future sex offending, and that petitioner was exhibiting deviant behavior. Based on these factors, the circuit court determined that consecutive sentences were appropriate.

Further, petitioner does not argue that his sentence is based on any impermissible factor. Instead, petitioner claims that his sentence is excessive and disproportionate to his "non-violent" crimes. Petitioner's argument ignores our holding on the applicability of constitutional proportionality standards: "While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). The crimes for which petitioner was sentenced have a fixed statutory maximum set by statute and there was no life recidivism sentence imposed in this case. Because we conclude that petitioner's sentences were within the maximum statutory limit and not based on any impermissible factor, we find that petitioner's claims regarding the proportionality of his sentences are not reviewable on appeal.

For the foregoing reasons, the circuit court's June 10, 2018, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** March 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4