# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0504** (Wetzel County 16-F-22)

**Darian R.,**
**Defendant Below, Petitioner**

**FILED**

**September 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Darian R., by counsel John M. Jurco, appeals the Circuit Court of Wetzel County's May 1, 2019, order sentencing him to a total indeterminate term of twenty-five to fifty-five years of incarceration following his conviction of two counts of sexual abuse by a custodian and one count of incest.[1] The State of West Virginia, by counsel Karen Villanueva-Matkovich, filed a response in support of petitioner's conviction. On appeal, petitioner argues that the circuit court abused its discretion by not following the victim's guardian ad litem's recommendation and sentencing him to the maximum sentence possible, with all three sentences to be served consecutively.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2016, petitioner was indicted on six counts of first-degree sexual assault, six counts of sexual abuse by a custodian, and six counts of incest. Petitioner was then arraigned on all eighteen counts and pled not guilty. A few days later, the circuit court held a hearing, in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

which it appointed a guardian ad litem on behalf of the child victim and ordered the forensic evaluation of petitioner to determine his competency and/or criminal responsibility.

In March of 2016, the circuit court held a hearing and, upon reviewing petitioner's evaluation results, found that petitioner was competent to stand trial. The circuit court also granted petitioner's motion in limine requesting the child victim's testimony by closed circuit television at trial. Later that month, after the parties entered into a plea agreement, the circuit court held a plea hearing, during which petitioner pled guilty to two counts of sexual abuse by a custodian and one count of incest. In return, the State dismissed the remaining fifteen counts. Petitioner's plea was entered pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).[2] In April of 2016, the probation department prepared a presentence investigation report. Later that month, the guardian ad litem filed a motion requesting petitioner's sentences to run concurrently because his guilty plea spared the child victim from the trauma of testifying at trial.

In late April of 2016, the circuit court held the final sentencing hearing. The State made no recommendation regarding petitioner's sentence. The circuit court considered information provided in petitioner's presentence investigation report and noted petitioner's requested corrections to it. The circuit court also noted the guardian ad litem's recommendation of concurrent sentencing. Ultimately, the circuit court sentenced petitioner to two terms of ten to twenty years of incarceration for the two counts of sexual abuse by a custodian and five to fifteen years of incarceration for the lone count of incest. All sentences were ordered to run consecutively for a total effective indeterminate sentence of twenty-five to fifty-five years. The circuit court also imposed fifty years of supervised release. The circuit court entered a sentencing order reflecting its decision on April 22, 2016, after which it re-entered the sentencing order for purposes of appeal on May 1, 2019. It is from this order that petitioner now appeals.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

On appeal, petitioner does not argue that his sentences were not within the applicable statutory limits or based upon an impermissible factor. Instead, he argues that the circuit court should have followed the guardian ad litem's recommendation that petitioner's sentences run concurrently, rather than consecutively. In support of this position, petitioner notes that the State stood silent at sentencing and did not request consecutive sentences. Further, petitioner relies on

---

[2]This Court recognized *Alford* pleas in *Kennedy v. Frazier*, 178 W. Va. 10, 12, 357 S.E.2d 43, 45 (1987) ("An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.").

his history of alcoholism, substance abuse, and mental health problems for the premise that the circuit court should have been more lenient at sentencing.[3]

In this case, petitioner was convicted of two counts of sexual abuse by a custodian. West Virginia Code § 61-8D-5(a) provides, in part, that if

> any parent, guardian or custodian of or other person in a position of trust in relation to a child under his or her care, custody or control, shall engage in or attempt to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody or control, . . . then such parent, guardian, custodian or person in a position of trust shall be guilty of a felony and, upon conviction thereof, shall be imprisoned in a correctional facility not less than ten nor more than twenty years, or fined not less than $500 nor more than $5,000 and imprisoned in a correctional facility not less than ten years nor more than twenty years.

He was also convicted of one count of incest. West Virginia Code § 61-8-12(c) provides, in part, that

> [a]ny person who violates the provisions of this section shall be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary not less than 5 years nor more than 15 years, or fined not less than $500 nor more than $5,000 and imprisoned in the penitentiary not less than five years nor more than fifteen years.

Moreover,

> "'[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively.' Syllabus point 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979)." Syllabus Point 3, *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999)."

Syl. Pt. 7, *State ex rel. Farmer v. McBride*, 224 W. Va. 469, 686 S.E.2d 609 (2009).

It is clear from the record on appeal that petitioner's consecutive terms of ten to twenty years for each count of sexual abuse by a custodian and five to fifteen years for one count of

---

[3]Petitioner cites *Eric F. v. Plumley*, No. 14-0834, 2015 WL 3952668, at *4 (W. Va. June 26, 2015)(memorandum decision), which affirmed the circuit court's acceptance of a binding plea agreement that included concurrent sentences for the defendant. Here, however, the plea agreement required the State to stand silent at sentencing and did not include a binding agreement regarding concurrent versus consecutive terms of sentences. As the facts of *Eric F. v. Plumley* are distinguishable from the instant facts, it is inapplicable to this Court's analysis.

incest are within statutory limits. The circuit court was within its discretion to order that those sentences run consecutively. Also, the circuit court considered information contained in petitioner's presentence investigation report and competency evaluation, as well as the guardian ad litem's motion recommending concurrent sentencing, when deciding to sentence petitioner to consecutive, rather than concurrent sentences. Based on the information provided, the circuit court determined that consecutive sentences were appropriate, and we find no reason to disturb this finding.

For the foregoing reasons, the circuit court's May 1, 2019, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  September 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison