**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0223** (Jackson County 19-F-23, 19-F-74, and 19-F-95)

**Justin Goble,**
**Defendant Below, Petitioner**


# MEMORANDUM DECISION


Petitioner Justin Goble, by counsel Andrew J. Katz, appeals the February 13, 2020, order of the Circuit Court of Jackson County sentencing him to consecutive terms of one to five years of incarceration for each of his two counts of possession with intent to deliver methamphetamine, five years of incarceration for each of his two counts of being a prohibited person in possession of a firearm, and one to fifteen years of incarceration for one count of possession with intent to deliver heroin, all of which were ultimately suspended in favor of a seven-year term of probation. The State of West Virginia, by counsel Mary Beth Niday, filed a response in support of the circuit court's order. On appeal, petitioner argues that his term of probation is unconstitutionally disproportionate to his crimes.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February and June of 2019, a Jackson County Grand Jury returned three indictments against petitioner. In the first indictment, petitioner was charged with one count of possession with intent to deliver methamphetamine, one count of possession with intent to deliver marijuana, and two counts of being a convicted felon in possession of a firearm. In the second indictment, petitioner was charged with one count of possession with intent to deliver heroin; one count of simple possession of buprenorphine; and one count of driving while his license was revoked for driving under the influence, first offense. Lastly, in the third indictment, petitioner was charged with one count of burglary, two counts of wanton endangerment, two counts of assault, one count of being a convicted felon in possession of a firearm, one count of use of a firearm during the commission of a felony, one count of possession with intent to deliver methamphetamine, one count of simple

possession of Alprazolam, and one count of simple possession of marijuana. The circuit court consolidated the three cases.

In November of 2019, petitioner entered a plea agreement wherein he agreed to plead guilty to two counts of possession with the intent to deliver methamphetamine in violation of West Virginia Code § 60A-4-401(a)(ii), two counts of possession of a firearm by a convicted felon in violation of West Virginia Code § 61-7-7(b), and one count of possession with intent to deliver heroin in violation of West Virginia Code § 60A-4-401(a). In exchange, the State agreed to dismiss the remaining counts.

At the sentencing hearing held in January of 2020, counsel for petitioner argued in favor of probation. The State argued for consecutive terms of incarceration to be suspended in favor of seven years of probation. In response, counsel for petitioner stated, "It just seems to me that it's a little bit harsh to run everything consecutively. And, again, seven years seems to be an awful long time to be on probation." Following these remarks, the circuit court noted petitioner's lengthy criminal history which, counting the charges at issue in this case, totaled ten felony convictions in the preceding nine years. Further, the presentence investigation report indicated that petitioner had twice been placed on probation, which was later revoked, and twice released on parole, which was also later revoked. Accordingly, the circuit court adopted the State's recommendation and sentenced petitioner to terms of one to five years of incarceration for each count of possession with intent to deliver methamphetamine, five years of incarceration for each count of being a prohibited person in possession of a firearm, and one to fifteen years of incarceration for the count of possession with intent to deliver heroin. The circuit court ordered that the sentences be served consecutively. The circuit court then suspended petitioner's sentences and placed him on probation for a period of seven years. Petitioner appeals the February 13, 2020, sentencing order.

On appeal, petitioner argues that his term of probation is so long as to be unconstitutionally disproportionate. Petitioner contends that during the seven years of probation, he "will be living on the edge of a cliff" where any small mistake on his part could violate the terms of his probation and lead to his incarceration. Petitioner notes that if he "violates the law in any respect no matter how small . . . he can receive a sentence for well over, at a minimum, 10 years and could go on for decades." Petitioner claims this is an extreme result for what could be a minor violation and, therefore, violates the "cruel and unusual" provision of the West Virginia State Constitution. Petitioner avers that, if the circuit court had simply run the sentences concurrently, rather than consecutively, the sentences would have been valid. While petitioner acknowledges that consecutive sentences often do not violate the proportionality principle of the West Virginia Constitution, he contends that the fact that "a small misstep can lead to an extreme sentence" demonstrates that his consecutive sentences are invalid.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Moreover, "[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless

2

it does so provide, the sentences will run consecutively." Syl. Pt. 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979).

In his brief on appeal, petitioner concedes that his sentences are within the statutory limits and are not based on any impermissible factors.[1] To the extent petitioner argues that his underlying sentences should have been ordered to be served concurrently, we find that the circuit court was within its discretion to run those sentences consecutively. Moreover, petitioner's argument that his term of probation is unconstitutionally disproportionate is likewise without merit. West Virginia Code § 62-12-11 sets forth that "[t]he period of probation together with any extension thereof shall not exceed seven years." Petitioner's argument ignores our holding on the applicability of constitutional proportionality standards: "While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Here, the circuit court has not violated any statutory commands by imposing a total of seven years of probation. In addition, the crimes for which petitioner was sentenced have a fixed statutory maximum set by statute and there was no life recidivism imposed in this case.

------

[1]Regarding petitioner's sentences for possession with intent to distribute methamphetamine and heroin, West Virginia Code § 60A-4-401(a)(i) provides that any person who violates the subsection with respect to:

> (i) A controlled substance classified in Schedule I or II, which is a narcotic drug or which is methamphetamine, is guilty of a felony and, upon conviction thereof, may be imprisoned in a state correctional facility for not less than one year nor more than 15 years, or fined not more than $25,000, or both fined and imprisoned;

> (ii) Any other controlled substance classified in Schedule I, II, or III is guilty of a felony and, upon conviction thereof, may be imprisoned in a state correctional facility for not less than one year nor more than five years, or fined not more than $15,000, or both fined and imprisoned;

Regarding petitioner's sentence for being a prohibited person in possession of a firearm, West Virginia Code § 61-7-7(b)(1) and (2) provides that any person

> (1) Who has been convicted in this state or any other jurisdiction of a felony crime of violence against the person of another or of a felony sexual offense; or

> (2) Who has been convicted in this state or any other jurisdiction of a felony controlled substance offense involving a Schedule I controlled substance other than marijuana, a Schedule II or a Schedule III controlled substance as such are defined in sections two hundred four, two hundred five and two hundred six, article two, chapter sixty-a of this code and who possesses a firearm as such is defined in section two of this article shall be guilty of a felony and, upon conviction thereof, shall be confined in a state correctional facility for not more than five years or fined not more than $5,000, or both.

Therefore, we find that petitioner's sentence was within the maximum statutory limit and not based on any impermissible factor. Consequently, we find that petitioner's sentence is not reviewable on appeal.

For the foregoing reasons, the circuit court's February 13, 2020, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton