**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0785** (Ohio County 20-F-54)

**Isaiah Barnes,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Isaiah Barnes, by counsel Justin M. Hershberger, appeals the September 3, 2020, order of the Circuit Court of Mason County sentencing him to an indeterminate term of one to ten years of incarceration following the entry of his guilty plea to one count of grand larceny. The State of West Virginia, by counsel Patrick Morrisey and Mary Beth Niday, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court abused its discretion in ordering his sentence to run consecutively to an unrelated sentence, and in denying him a referral to a drug treatment program.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2020, American Electric Power ("AEP") reported the theft of copper wire from multiple spools located at their Wheeling, West Virginia, facility. In response, Wheeling Police Department Detective Dean Redinger proceeded to a local recycling center to inquire as to whether any copper had been "scrapped." The recycling center provided the detective some receipts from recent transactions, including some involving petitioner. Detective Redinger investigated petitioner as a suspect in the crime and, through his investigation, was able to obtain video surveillance showing petitioner cutting the copper wire off of a spool at the AEP facility. Subsequently, Captain Handzus of the Benwood Police Department performed a traffic stop of petitioner's vehicle; obtained a search warrant; and located copper wire, bolt cutters, copper residue, and receipts for the sale of copper to the recycling center in petitioner's vehicle. Petitioner was arrested in June of 2020.

As part of plea negotiations, petitioner waived his right to an indictment, and the State filed an information against petitioner in the circuit court charging him with grand larceny in violation of West Virginia Code § 61-3-13(a). In July of 2020, petitioner pled guilty to grand larceny and waived his right to a pre-sentence investigation report. Per the terms of the plea agreement, petitioner acknowledged that the State would recommend that the circuit court sentence him to an indeterminate term of one to ten years of incarceration, to run consecutively to his recent conviction and one-to-ten year sentence in Marshall County, West Virginia, for stealing copper wire from a coal mine.

At the July of 2020 sentencing hearing, petitioner exercised his right of allocution and apologized for his actions, which he blamed on his drug addiction. Petitioner's counsel requested that the circuit court sentence petitioner to an indeterminate term of one to ten years of incarceration, to run concurrently with his Marshall County sentence. Counsel also requested a referral to the "G.O.A.L.S." program, a drug treatment program, to address petitioner's drug addiction, stating that it was the "motivating factor" for both crimes. Alternatively, counsel requested a suspended sentence and supervision with drug treatment. In accordance with the terms of the plea agreement, the State recommended that petitioner be sentenced to a term of one to ten years of incarceration to be served consecutively to the Marshall County sentence. Ultimately, the circuit court adopted the State's recommendation and sentenced petitioner to an indeterminate term of one to ten years of incarceration. The circuit court ordered the sentences to run consecutively "[b]ecause there are two separate victims." The circuit court found that "if [it] would run this sentence . . . concurrently in Marshall County, that that would diminish the seriousness of this offense." The circuit court further denied petitioner's request for a referral to the G.O.A.L.S. program, finding that there was no "statutory vehicle" for doing so. Petitioner now appeals the circuit court's September 3, 2020, sentencing order.

On appeal, petitioner argues that the circuit court erred in ordering his sentence to run consecutively to his Marshall County sentence rather than ordering the two sentences to run concurrently or referring him to the G.O.A.L.S. drug treatment program.[1] Petitioner avers that he does not challenge "the constitutionality of the sentence itself" but contends that this Court should nevertheless determine whether the sentence was proportionate to the offense committed. Petitioner argues that both the underlying offense and the offense prosecuted in Marshall County are similar in nature, both thefts of copper wire, and do not warrant consecutive sentences or the denial of his request to be entered into a drug treatment program. Petitioner argues that his sentence shocks the conscience and cannot pass a societal sense of justice as he had no prior felony convictions, he suffered from severe opiate addiction, his crimes were nonviolent, and he pleaded guilty "rather than putting everyone through a lengthy trial." Moreover, he is a high school graduate and is willing

---

[1]The G.O.A.L.S. program is a West Virginia Department of Corrections and Rehabilitation initiative to assist inmates in drug treatment. Upon completion of the program, inmates may be eligible for a reduced sentence or some form of alternative sentencing. *See* Taylor Stuck, *Western Regional Treatment Program Expanding*, The Herald Dispatch (Jul. 29, 2019) (https://www.herald-dispatch.com/news/western-regional-treatment-program-expanding/article_264da29b-9149-584a-895a-ad2494cd42f3.html) (last visited Aug. 19, 2021); *see also* W. Va. Code § 15A-5-10 (2020) (providing that completing G.O.A.L.S. program satisfies the requirements for the DUI Safety and Treatment Program).

to seek employment upon his release. Based upon these factors, petitioner contends it shocks the conscience that the circuit court ordered his sentence to run consecutively to his Marshall County sentence, and refused to refer him to drug treatment. Further, his incarceration does not serve to further his rehabilitation, deter future crime, or achieve the legislative intent, and serves no useful purpose; therefore, it cannot pass a societal sense of justice. For these reasons, petitioner contends that his sentence should be reversed.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Lastly, "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

In his brief on appeal, petitioner does not argue that his sentence falls outside statutory limits or is based on some impermissible factor. Rather, he argues that the circuit court should have weighed or viewed the evidence of his limited criminal history, drug addiction, and nonviolent behavior more favorably. We note, however, that the sentence imposed upon petitioner was within the statutory limits, has a fixed maximum set by statute, and was not a recidivist sentence.[2] Further, the record is devoid of any evidence that petitioner's sentence was based upon any impermissible factors. The circuit court correctly determined that there was no statutory authority on this issue. Moreover, to the extent that petitioner argues that the circuit court erred in ordering his sentence to run consecutively to the Marshall County sentence, we find no error. This Court has long held that "[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syl. Pt. 3, *Keith v. Leverette*, 163 W. Va. 98, 254 S.E.2d 700 (1979); *see also* W. Va. Code § 61-11-21. Because petitioner's sentence is within the applicable statutory limits and not based upon any impermissible factor, it is not reviewable on appeal.

For the foregoing reasons, the circuit court's September 3, 2020, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: October 1, 2021

---

[2]*See* W. Va. Code § 61-3-13(a) ("If a person commits simple larceny of goods or chattels of the value of one thousand dollars or more, such person is guilty of a felony, designated grand larceny, and, upon conviction thereof, shall be imprisoned in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and shall be fined not more than two thousand five hundred dollars.").

3

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton